IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY L. HILTABIDEL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:08-cv-409 |
| v. | ) | |
| | ) | |
| HERALD STANDARD NEWSPAPER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending now before the Court are DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, RENEWED MOTION FOR SUMMARY JUDGMENT (Document No. 12), with brief in support. Plaintiff filed a response (Document No. 18) and the motions are ripe for disposition.

Standard of Review

The proper standard for evaluating motions to dismiss has been the subject of two recent binding decisions. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), all nine justices of the United States Supreme Court agreed that the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. *Id.* at 1965. The term "plausible" is not susceptible of mathematical quantification, but lies somewhere on the rhetorical spectrum between `"conceivable" or "speculative" and "probable." Indeed, the *Twombly* Court made a distinction

between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. *Id.* at 1966. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit further refined the *Twombly* standard. As the Court of Appeals explained, "notice pleading" pursuant to Rule 8(a)(2) remains intact, but requires the pleader to make a "showing" of entitlement to relief, and to give the defendant fair notice of what the claim is and the grounds upon which it rests. A pleader may not simply make a "bare averment that he wants relief and is entitled to it." *Id.* at 233. Labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 231. Rather, the now-applicable pleading standard is as follows: stating a claim requires a complaint with enough factual matter (taken as true) to raise a reasonable expectation that discovery will reveal evidence of all the necessary elements of Plaintiff's claims. *Id.* at 234.

Legal Analysis

Plaintiff's Amended Complaint alleges that she experienced actions and comments of a direct and/or indirect sexual nature, including that she was expected to allow herself to be subjected to sexual comments and sexual touching, which created a hostile work environment.

2

The Amended Complaint further alleges that she suffered an adverse employment action, in the form of being denied commissions, in retaliation for her complaints to her boss about this alleged sexual harassment. The Amended Complaint is not a model of factual detail, but it certainly alleges all of the elements necessary to establish sexual harassment and retaliation claims under Title VII and the PHRA and renders Ms. Hiltabidel's claims plausible.

The Court declines Defendant's invitation to convert its motion into one for summary judgment. The Court is well aware of the legal standards governing Plaintiff's claims, as set forth in the numerous precedential opinions cited by Defendant. However, employment discrimination cases are fact-intensive and the discovery process must be allowed to fully develop the record before summary judgment can be appropriately considered.

Accordingly, DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, RENEWED MOTION FOR SUMMARY JUDGMENT (Document No. 12) is **DENIED**.

Defendant shall file an Answer on or before July 11, 2008.

SO ORDERED this 26th day of June, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Joseph H. Chivers, Esquire
 Email: jchivers@employmentrightsgroup.com

 Charles Kelly, Esquire
 Email: ckelly@kellyhayden.com
 Kristin A Lawson, Esquire
 Email: klawson@kellyhayden.com