IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY L. HILTABIDEL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-409 |
| v. | ) | |
| | ) | |
| UNIONTOWN NEWSPAPERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 46), and DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS (Doc. # 47), with brief in support and Appendix.  Plaintiff filed a response in opposition to the motion (Doc. # 50), a concise statement of material facts in support of the response in opposition (Doc. # 51), and a response to Defendant's Concise Statement of Material Facts (Doc. # 52).  The motion is ripe for disposition.

After careful consideration of Defendant's motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole,  the Court finds that genuine issues of material fact remain.  In her Amended Complaint, Plaintiff alleges a number of causes of action, to include having been subjected to a hostile work environment due to her gender and retaliation following conversations with her former supervisor about having been subjected to that which she considered to be inappropriate situations with clients and co-workers.  For the reasons that follow, Defendant's motion will be denied.

### Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

## Legal Analysis

Plaintiff initiated this action by filing a complaint on March 25, 2008 (Doc. # 1). Plaintiff amended her complaint on May 27, 2008 (Doc. # 10), alleging sexual harassment and retaliation claims under Title VII and the PHRA. Plaintiff worked for the Defendant as a sales representative in the I-Media Department from October 2006 until her resignation in June 2007. Her supervisor during that period was John Voytek. During that time, Plaintiff's responsibilities included selling advertising on the Defendant's internet websites, particularly the website devoted to the sale of automobiles. The Amended Complaint alleges that she experienced actions and comments of a direct and/or indirect sexual nature, including that she was expected to allow herself to be subjected to sexual comments and sexual touching, which created a hostile work environment. The Amended Complaint further alleges that she suffered an adverse

employment action, in the form of being denied commissions, in retaliation for her complaints to her former supervisor about this alleged sexual harassment.

There are a number of genuine issues of material fact that exist with respect to the Plaintiff's claims. An issue exists whether comments regarding Plaintiff's attractiveness made by her supervisor, along with that which Plaintiff claims were inappropriate requests and placement in inappropriate situations also by her supervisor, were severe and pervasive enough to alter a term or condition of her employment sufficient to constitute a hostile work environment sexual harassment claim under Title VII or the Pennsylvania Human Relations Act ("PHRA"). Similarly, an issue also exists as to whether the system implemented by Plaintiff's supervisor which required participation of a retail advertising representative in scheduling and attending appointments with potential customers was effectuated in retaliation for Plaintiff's report of sexual harassment to her former supervisor.

The evidentiary record generally describes a number of occurrences within the operative time of Plaintiff's employment in the I-Media department that are offered in support of her claim of a hostile work environment. It is undisputed that in March 2007, Plaintiff accompanied supervisor Voytek to a meeting with a male potential customer for Defendant's entertainment themed website, and that the meeting occurred at the bar of a restaurant in Uniontown, PA. It is undisputed that during that meeting, the customer was seated next to Plaintiff while all three were seated at the bar, that his leg made contact with Plaintiff's leg early in the meeting, and that the customer's arm was around the back of the Plaintiff's chair for the duration of the meeting. It is undisputed that at some point after that meeting , Plaintiff spoke with Voytek and requested not to meet with potential customers in a restaurant again. It is undisputed that at some point in

late March or early April of 2007, Voytek asked Plaintiff to go to dinner with an employee of a Philadelphia area newspaper who was in Uniontown conducting an on-site visit with the Defendant.  It is undisputed that on more than one occasion, Voytek shared with Plaintiff second-hand comments he either received or overheard of the opinion that Plaintiff is an attractive woman.  It is undisputed that Voytek asked Plaintiff to accompany him on an overnight business trip to Beaver, PA, a request Plaintiff declined.

Similarly, the evidentiary record contains evidence of conditions of her employment that Plaintiff claims were imposed in retaliation for her reports of sexual harassment to her former supervisor.  It is undisputed that on or about April 23, 2007, Plaintiff approached the manager of the Retail Advertising Department, in which Plaintiff previously worked, and expressed the opinion that she felt conducting a meeting with a customer in a bar was inappropriate.  It is undisputed that Plaintiff was required to coordinate her appointments with potential customers for the Defendant's website devoted to automobile sales with the print media sales representatives from Retail Advertising, whose presence at the appointments was also required.  It is undisputed that Plaintiff resigned her position in June of 2007.

Both Title VII and the PHRA prohibit employment discrimination based on an individual's sex.  42 U.S.C. 2000e-2(a); 43 P.S. §§ 951 *et seq.*  A plaintiff who alleges a hostile work environment claim in violation of Title VII must establish an atmosphere or environment sufficiently severe or pervasive so as to alter her employment conditions and create an abusive working environment.  *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399 (1986); *see Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367 (1993)("[T]he very fact that the discriminatory conduct was so severe or pervasive that it created a work

environment abusive to employees because of their ... gender ... offends Title VII's broad rule of workplace equality.")  Beyond that, a plaintiff who alleges constructive discharge in violation of Title VII must further establish that the abusive working environment became so intolerable given the totality of the circumstances that her resignation qualified as a fitting response. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 139, 124 S.Ct. 2342 (2004)(citations omitted).

It is readily apparent that genuine issues of material fact exist.  There is material disagreement with respect to whether the conduct of Plaintiff's supervisor was so severe or pervasive as to constitute a hostile work environment.  In its motion for summary judgment, Defendant generally does not deny the episodes which Plaintiff describes.  Instead it argues, without dispute, that Voytek himself never directed his own sexual conduct or behavior to Plaintiff.  Defendant further argues that the body contact occurring during the meeting at the restaurant was accidental, and that Voytek's other comments and requests directed to Plaintiff were nothing more than "entirely innocuous incidents that are not sufficiently severe or pervasive to give rise to a hostile work environment claim", assertions disputed by Plaintiff.  Obviously, any determination as to whether discriminatory behavior occurred will require a finder of fact to consider the totality of the circumstances and choose between two opposing renditions.

Along those same lines, genuine issues of material fact remain with respect to Plaintiff's claim of retaliation.  While not disputing that Plaintiff spoke with her former supervisor on April 23, 2007, Defendant characterizes that conversation as one involving general concerns about Plaintiff's job performance and "expressing some discomfort" over the customer meeting that occurred at the bar, yet disputes that it was a report of sexual harassment.  Likewise, Defendant

does not dispute the conditions under which Plaintiff was expected to work, particularly the requirement for print media retail advertising representatives to both make and accompany Plaintiff to appointments with car dealers potentially interested in advertising on the automobile website.  Defendant argues that those conditions were established in order to assist Plaintiff because such introductions to customers relieved Plaintiff of the responsibility to make "cold calls" to customers.  Plaintiff argues that the conditions were made in response to her complaints and were designed to reduce her effectiveness in her position. Once again, any determination as to whether these acts were retaliation will require a finder of fact to choose between the two conflicting positions presented by the parties.

Viewing the record as a whole, the Court determines that Plaintiff had raised genuine issues of material fact relating to her claims of discrimination.

Accordingly, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 46) is **DENIED**.

SO ORDERED this 17th day of November, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Jane Lewis Volk, Esquire
        Email: jlv@muslaw.com
        Mary C. McGinley, Esquire
        Email: mcm@muslaw.com

        Charles Kelly, Esquire
        Email: ckelly@kellyhayden.com
        Kristin A Lawson, Esquire
        Email: klawson@kellyhayden.com