IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY L. HILTABIDEL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-409 |
| v. | ) | |
| | ) | |
| UNIONTOWN NEWSPAPERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION FOR RECONSIDERATION AND ORAL ARGUMENT, docket entry number 57, (Doc. # 57), and PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND ORAL ARGUMENT (Doc. # 60).  The motion is ripe for disposition.

Defendant requests, pursuant to Federal Rule of Civil Procedure 59(e), that the Court vacate its Memorandum Opinion and Order of Court entered November 17, 2009 (Doc. # 55), in which the Court denied Defendant's Motion for Summary Judgment.  The Court finds and rules that Defendant has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration.  The applicable standard for evaluating a motion for reconsideration is summarized in *Tom Brown Contracting, Inc. v. Wesport Ins. Co.*, 2007 WL 966743 (W.D.Pa.2007):

> Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa.1995).  As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*, citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). However, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Id.*, citing *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. December 18, 2001).

Defendant's motion is without merit. For the reasons set forth at greater length in the Court's earlier opinion, genuine issues of material fact exist regarding Plaintiff's claims. Defendant has pointed to no intervening change in controlling law or new evidence. Rather, Defendant simply disagrees with the Court's conclusion, as set forth at greater length in the Court's earlier opinion, that genuine issues of material fact precluded the entry of summary judgment by arguing that the opinion contained clear errors of fact and omitted controlling precedent.

Defendant continues to advance the same arguments that it made in its motion for summary judgment. Said arguments were previously given due consideration, but not sufficiently persuasive to the Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Alternatively, Defendant requests oral argument in order to alleviate any failure on counsel's part "as a result of poor drafting, poor citation to the record, or other deficiency, to bring relevant information to the Court's attention." Doc. # 57 at p. 6. With this request, however, Defendant does not suggest that new evidence which was previously unavailable or unknown would be presented during the requested argument. The Court observes that

Defendant's arguments in its motion for summary judgment are clear and without apparent deficiency.  Likewise, the Court observes Plaintiff's response in opposition to the motion for summary judgment is clear, appropriately cited to the record, and without apparent deficiency.  It was after due consideration of the entire record that the Court determined, to Defendant's dismay, that genuine issues of material fact precluded summary judgment.  Offering to accept responsibility for an alleged inadvertent deficiency in composition in order to gain another opportunity to make the same arguments and present the same evidence in open court is not grounds for reconsideration.  Furthermore, the Court discerns no deficiency, poor drafting, or poor citation to the record in Defendant's filings.

Accordingly, DEFENDANT'S MOTION FOR RECONSIDERATION AND ORAL ARGUMENT (Doc. # 57) is **DENIED**.

SO ORDERED this 22nd day of January, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Jane Lewis Volk, Esquire
Email: jlv@muslaw.com
Mary C. McGinley, Esquire
Email: mcm@muslaw.com

Charles Kelly, Esquire
Email: ckelly@kellyhayden.com
Kristin A Lawson, Esquire
Email: klawson@kellyhayden.com